Murdock, J., dissenting: Some of the shares of New Sutherland stock belonging to Williamson were sold in 1947 and 1948 as a result of which he had a loss of $29.04 from the 1947 sales and a gain of $2,124.76 from the 1948 sales. Travers, an underwriter acting for himself and others, either bought the shares or arranged for their purchase. Prospects of completion of the corporation’s mill had already raised the market price of the stock and it was felt that efforts to complete the plant would benefit future sales. Any such benefit would be to Williamson’s advantage as well as to the advantage of Travers, his associates, and other stock owners hoping to sell shares in the future. Williamson agreed with Travers before the sales here in question that he would lend the proceeds of the sales to the corporation to help complete its plant. He voluntarily furnished other larger amounts to the corporation during 1948. The result of the majority Opinion is that Williamson’s loss from the 1947 sales is not deductible in that year, and his gain from the 1948 sales is not taxable in that year, despite the fact that the full purchase price was paid in cash by the purchasers. All of the sales transactions are combined and regarded as still open for tax purposes after 1948. This odd result is reached by getting into the field of constructive receipt, and apparently whatever net gain or loss may ultimately result is to depend upon the outcome of the loan to the corporation of the proceeds of the sales. I do not follow this reasoning as to the losses or the gains and deem it contrary to the holding in Luther Bonham, 83 B. T. A. 1100, affd. 89 F. 2d 725. Obviously, a loss could not be reduced by a subsequent loan of the proceeds of the sale. Will the loan of the sales proceeds, made by Williamson to the corporation, have as its basis for possible loss, not the $11,616 actually loaned but, instead, the basis to Williamson of the stock which he sold to or through Travers ? Suppose the corporation is eventually able to pay 50 cents on the dollar. Is the difference between that amount and the basis of the stock a loss from a bad debt or the amount realized from cash sales to third parties; is the amount received on the debt not to be subtracted from the amount loaned to determine the bad debt; or is the amount paid on the debt to be divided in some way between payment of the debt and the amount realized from the sale of the stock, even though none of it was received from the purchaser of the stock ? The tax effects of a sale and a bad debt could differ by 50 per cent. If the company is able to repay the loan in full, does Williamson have a gain at that time from a loan or is the entire amount to be regarded as realized on the sale of the stock and the loan ignored? And, if the loan is to be ignored, are the normal interest payments from the corporation to Williamson to be regarded as additional amounts realized from the sale of the stock to Travers ? The uncertain financial condition of Sutherland is not claimed to support the majority treatment of these transactions. Suppose a taxpayer owns a substantial number of shares of a small solvent operating corporation; the cost of the stock to him was $1 a share; the stock is selling at $100 a share; the corporation needs $10,000 of additional funds; the taxpayer recognizes the advantages to him through his remaining shares of the proposed use of the money by the corporation; and a purchaser is willing to buy 100 shares of the taxpayer’s stock at market if the seller is willing to lend the proceeds to the corporation. Can the taxpayer avoid a taxable profit of $9,900 by agreeing with the purchaser prior to the sale that the proceeds of the sale will be loaned to the corporation ? . I think not. The sale of the stock and the loan to the company have to be kept separate for income tax purposes. Williamson sold his stock, the purchaser paid cash for it, Williamson loaned the proceeds to the corporation and thus entered into a new loan transaction with a new party, the corporation. The new transaction does not affect the sale of his stock to the third party. The loan had no effect upon the loss realized from the 1947 sales and the 1948 gain was taxable in that year. Turner, Withey, and Pierce, JJ., agree with this dissent.